**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
Charlottesville Division

| | | |
|---|---|---|
| FELIPE CORREA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 3:24-CV-00065 |
| | ) | |
| THE RECTOR AND VISITORS OF THE | ) | |
| UNIVERSITY OF VIRGINIA, MALO A. | ) | |
| HUTSON, in his individual and official | ) | |
| capacity, and MEREDITH SMITH, in her | ) | |
| individual and official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT RULE 26(f) REPORT AND DISCOVERY PLAN

Plaintiff Felipe Correa ("Correa"), Defendants the Rectors and Visitors of the University of Virginia ("UVA"), Malo A. Hutson ("Hutson"), and Meredith Smith ("Smith"), by counsel, submit the following written report of their Rule 26(f) meeting and their joint Rule 26(f) discovery plan:

### 1. INITIAL MEETING

Pursuant to the requirements of Fed. R. Civ. P. 26(f), counsel for the parties met virtually on **February 10, 2025**.

### 2. NATURE OF THE PARTIES' CLAIMS AND DEFENSES

#### a. Felipe Correa's Contentions

Correa, a former tenured Professor and Chair of the Architecture Department at UVA, alleges that he was discriminated against by UVA, Hutson, and Smith due to his sexual orientation as an openly gay male. Specifically, allegedly motivated by discriminatory animus, UVA instituted a formal complaint and investigated him for alleged violations of Title IX and UVA's policies.

Throughout the investigatory process, UVA allegedly deprived Correa of his basic rights to a fair proceeding, and exhibited bias, resulting in his forced administrative leave and eventually, termination from his tenured employment in violation of his contract. The current causes of action he alleges are (1) Violation of Title IX; (2) Violation of Title VII; (3) Breach of Contract; (4) Violation of the Equal Protection Clause pursuant to Section 1983; and (5) Violation of the Virginia Human Rights Act. Correa's claims are more fully set forth in the Complaint.

### b. UVA's, Hutson's, and Smith's Contentions.

UVA, Hutson, and Smith deny any allegations that they discriminated against Correa because of any protected classification, including sexual orientation. Defendants further deny that any bias was exhibited in, occurred in, or impacted the investigation into Correa's alleged violations of UVA's policies, including its Title IX policy, involving two UVA students. These allegations included reports of *quid pro quo* harassment, sexual harassment, sexual and/or gender-based hostile environment harassment, violations of UVA's conflict of interest policy, and the University Provost's policy restricting certain romantic or sexual relationships at the University. Defendants aver that the investigation's final determination that Correa engaged in sexual harassment of one student, violated the Provost's policy with the other student, and violated the Faculty Conflict of Interest Policy with both students was free of any discrimination or bias. UVA, Hutson, and Smith have filed a Motion to Dismiss all claims in the Complaint, asserting (1) the Title IX claim is preempted by Title VII; (2) the Title VII claim fails because he has not alleged, and cannot allege, any similarly-situated comparator(s); (3) UVA, Hutson, and Smith are protected by sovereign immunity and qualified immunity; and (4) Correa's Appointment Letter did not establish any contractual rights in connection with the University's processes or policies. Defendants' defenses to Correa's claims are more fully set forth in their pending motion to dismiss.

### 3. POSSIBILITY OF SETTLEMENT

The parties have discussed the possibility of settlement, but settlement of the case appears unlikely at this time.

### 4. DISCOVERY PLAN

#### a. Pre-Discovery Disclosures.

Pre-Discovery Disclosures. The parties have agreed to exchange the information required by Fed. R. Civ. P. 26(a)(1) on or before May 13, 2025. At this time, the parties do not foresee a need to change the form or requirement for disclosures under Rule 26(a). The parties will not file disclosures under Fed. R. Civ. P. 26(a)(1) and (2), notices of depositions, interrogatories, requests for documents or admissions, and answers thereto except on the Order of the Court, or as supporting exhibits to a motion or trial.

#### b. Subjects of Discovery.

The parties' discovery will relate to the claims and defenses in Felipe Correa's Complaint. Discovery will be conducted in accordance with the Federal Rules of Civil Procedure, and the parties will work in good faith to narrow and focus the scope of discovery to minimize the burden of discovery on the parties and on any third parties. The parties anticipate that they will exchange written discovery requests (interrogatories, requests for production, and requests for admission), and that they will take depositions of the parties and may issue third-party subpoenas for documents and/or depositions.

#### c. Electronically Stored Information ("ESI").

The parties agree that any relevant, discoverable electronically stored information will be printed and/or placed in .pdf format, .tiff format, or native file format (if appropriate) and produced electronically via an FTP server, unless the parties expressly agree otherwise. If any party requests

documents or electronically stored information in a specific format other than how provided, the parties will meet and confer to determine a reasonably usable format. The parties shall instruct any custodians of records not to destroy any pertinent electronic data.

### d.  **Privileges Issues/Protective Order.**

The parties intend to submit a mutually-agreeable Stipulated Protective Order on or before May 16, 2025. The parties have further discussed the implications of the Family Educational Rights and Privacy Act ("FERPA") on discovery in this matter, and such concerns will be addressed in the proposed Protective Order.

The parties will adhere to the requirements outlined in Fed. R. Civ. P. 26(b)(5) concerning privilege logs and withholding of information under claims of privilege as trial-preparation materials.

The parties agree that documents created on or after the filing of the complaint and protected by the attorney-client privilege or work product doctrine may be excluded from the privilege log. The parties agree that, except as to any documents the parties agree may be excluded from the privilege log, they will produce privilege logs and will exchange information regarding claims of privilege and/or work-product protection in an efficient manner and the parties agree that the privilege does not need to be specified when objections to discovery are served.

The parties recognize that they may inadvertently disclose privileged material in the course of litigation. To mitigate the damage of such inadvertent disclosure, the parties agree that Fed. R. Civ. P. 26(b)(5)(B), Fed. R. Evid. 502, and the Stipulated Protective Order shall govern any inadvertent disclosure of material that is subject to a claim of privilege or of protection as trial preparation material.

    **e.**  **Service Issues.**

Pursuant to Fed. R. Civ. P. 5(d)(1)(a), the parties agree that service of notices of depositions, discovery requests, and other such papers not required to be filed with the Clerk of Court will be accepted by electronic mail. The parties agree that responses to discovery requests are deemed timely as long as they are served by 11:59 p.m. EST on the day that they are due.

    **f.**  **Changes to Limitations of Rules.**

At this time, the parties do not request that the limitations imposed upon discovery by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Western District of Virginia be changed or that additional limitations upon discovery be imposed. The parties will defer to the Court's order(s) related to the timing for completion of discovery.

    **g.**  **Expected Length of Trial and Trial Date.**

The parties believe that trial will take approximately five (5) days and, based on the Court's availability, have requested _____ (excluding weekend days) as the trial date.

    **h.**  **Deadline for Completing Discovery.**

The parties propose a discovery deadline of _____, with all written discovery to be served no later than _____.

    **i.**  **Deadline for Expert Disclosures.**

The parties propose an expert disclosure deadline of _____, for any party intending to rely on expert testimony to support their case in chief (i.e., the Complaint or any Counterclaim or Defendant). The parties propose an expert disclosure deadline of _____, for any defendant.

**j.** <u>**Deadline for Filing Dispositive Motions.**</u>

The parties propose a summary judgment deadline of _____, with response briefs due by _____, and reply briefs due _____. The parties shall notify the Court of their request for oral argument.

**k.** <u>**Magistrate Judge.**</u>

The parties do not consent to the jurisdiction of the United States Magistrate Judge at this time.

**5.** <u>**MODIFICATIONS**</u>

This agreement may be modified by an agreement signed by the parties or by the Court for good cause shown.

**Respectfully Submitted,**

**FELIPE CORREA**

By: _/s/ Tara J. Davis_
Andrew T. Miltenberg, Esq.
NESENOFF & MILTENBERG, LLP
363 Seventh Avenue, Fifth Floor
New York, New York, 10001
amiltenberg@nmllplaw.com

Tara J. Davis, Esq.
NESENOFF & MILTENBERG, LLP
101 Federal Street, Nineteenth Floor
Boston, Massachusetts 02110
tdavis@nmllplaw.com

Joshua Farmer, Esq.
Farmer Legal, PLLC
5030 Sadler Place, #205
Glen Allen, Virginia 23060
josh@farmerlegalhelp.com
_Counsel for Plaintiff_

**THE RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA, MALO A. HUTSON, and MEREDITH SMITH**

By: _____*Harold Johnson*_____
Stephanie P. Karn (VSB No. 38238)
Harold E. Johnson  (VSB No. 65591)
WILLIAMS MULLEN
200 South 10th Street, Suite 1600
Richmond, Virginia 23219
skarn@williamsmullen.com
hjohnson@williamsmullen.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 21st day of April, 2025, I electronically filed the foregoing

JOINT RULE 26(f) REPORT AND DISCOVERY PLAN with the Clerk of the Court using the

CM/ECF system, which will send notice to all counsel of record.